# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------X
In re:                                           :
                                                 :    CHAPTER 7
CREIGHTON M. ENGLISH,                            :
                                                 :    CASE NO. 17-51325 (JAM)
Debtor.                                          :
-------------------------------------------------------------X
ANATOLIY GUREVICH, AND                           :
FRASER LANE ASSOCIATES, LLC,                     :    ADV. PROC. NO. 18-05008 (JAM)
                                                 :
Plaintiffs.                                      :    RE: ECF No. 9
                                                 :
V.                                               :
                                                 :
CREIGHTON M. ENGLISH,                            :
                                                 :
Defendant.                                       :
-------------------------------------------------------------X
```

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

**I.    Introduction**

In this adversary proceeding, the Plaintiffs, Anatoliy Gurevich ("Plaintiff Gurevich") and Fraser Lane Associates, LLC ("Plaintiff Fraser Lane," collectively with Plaintiff Gurevich, the "Plaintiffs"), filed a two-count Complaint against Creighton M. English (the "Debtor" or "Defendant"), pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 727(A)(4)[1] (the "Complaint"). In Count One of the Complaint, the Plaintiffs object to the Defendant receiving a discharge in his Chapter 7 case. Count Two of the Complaint seeks to have certain debts owed by the Defendant to the Plaintiffs declared nondischargeable under § 523(a)(2)(A). The Defendant filed a Motion to Dismiss the Complaint. For the reasons discussed below, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part, and Count Two of the Complaint is dismissed.

---

[1] Unless otherwise specified, all future statutory references are to Title 11 of the United States Code.

## II. Background

On October 31, 2017, the Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. On February 6, 2018, the Plaintiffs commenced this adversary proceeding by filing the Complaint against the Defendant. According to the Complaint, Plaintiff Gurevich is a principal of Plaintiff Fraser Lane, and the Defendant was or is a principal of various corporate entities, including E2A LLC ("E2A"), and 800 Seaview Avenue LLC ("800 Seaview").

On March 12, 2018, the Defendant filed a Motion to Dismiss the both counts of the Complaint (the "Motion to Dismiss," ECF No. 9)[2]. On April 2, 2018, the Plaintiffs filed an Objection to the Motion to Dismiss (the "Objection," ECF No. 10). An oral argument on the Motion to Dismiss and the Objection to the Motion to Dismiss was held on May 8, 2018. At the conclusion of the oral argument held on May 8, 2018, the Court took the matter under advisement.

### a. Fraser Lane State Court Action

On January 19, 2007, 800 Seaview executed a promissory note in the amount of $3,200,000.00 in favor of Plaintiff Fraser Lane (the "Fraser Note"). On the same day, the Defendant and Vladimir Avidon ("Mr. Avidon"), jointly executed a guaranty agreement (the "Guaranty Agreement"), guaranteeing the payments of the Fraser Note. On June 4, 2014, Mr. Avidon, personally and for 800 Seaview, executed an acknowledgment and reaffirmation of the debts owed to the Plaintiffs (the "Reaffirmation," Ex. C, ECF No. 10).

Upon default of the Fraser Note and the Guaranty Agreement, on October 26, 2015, Plaintiff Fraser Lane commenced a lawsuit in the Connecticut Superior Court against the Defendant and Mr. Avidon, alleging, *inter alia*, breach of contract, fraud, and negligence (the

---

[2] Unless otherwise specified, all future docket references are to the adversary proceeding, Adv. Proc. No. 18-05008.

2

"Fraser Lane State Court Action")[3]. On May 10, 2016, Plaintiff Fraser Lane filed an amended complaint in the State Court Action, removing all claims asserted against the Defendant except the claim of breach of contract.

### b. Gurevich State Court Action

On November 22, 2011, the Defendant, Mr. Avidon, and E2A executed a promissory note in the amount of $400,000.00 in favor of Plaintiff Gurevich (the "Gurevich Note"). Upon default of the Gurevich Note, on August 31, 2017, Plaintiff Gurevich commenced a lawsuit in the Connecticut Superior Court against the Defendant, Mr. Avidon, and E2A, alleging, *inter alia*, breach of contract and unjust enrichment (the "Gurevich State Court Action")[4]. On December 21, 2017, Plaintiff Gurevich withdrew all claims against the Defendant and Mr. Avidon, leaving the case pending only against E2A.

## III. Analysis

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(6)"), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A party is permitted to use a Rule 12(b)(6) motion to dismiss as a vehicle to challenge a complaint on statute of limitation grounds. *Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1316–17 (M.D. Fla. 2013).

In order to determine the dischargeability of a debt, the Court must determine whether a debtor owes a debt within the meaning of the Bankruptcy Code.[5] The Bankruptcy Code defines

---

[3] The Fraser Lane State Court Action is entitled *Fraser Lane Associates, LLC. v. English, et al.*, Case No. FBT-CV15-6053059 in the Connecticut Superior Court.
[4] The Gurevich State Court Action is entitled *Anatoliy Gurevich v. E2A, LLC et al.*, Case No. FBT-CV17-6066521-S in the Connecticut Superior Court.
[5] *See*, *e.g.*, *In re Bak*, 2013 WL 653073, at *7 (Bankr. D. Conn. Feb. 20, 2013) (discussing case law holding that "in addition to meeting the 60-day time deadline established by Fed. R. Bankr. P. 4007(c) for the bringing of a non-dischargeability action, a plaintiff must also meet any timeliness requirements established by the non-bankruptcy

the term "debt" to mean "liability on a claim," 11 U.S.C. § 101(12), and "claim" is defined as a "right to payment, whether or not such right is reduced to judgment . . . ." 11 U.S.C. § 101(5). In order to establish a debt for nondischargeability purposes, "a plaintiff must [] meet any timeliness requirements established by the non-bankruptcy law . . . ." *In re Bak*, 2013 WL 653073, at *7; *see also In re McKendry*, 40 F.3d at 337. Therefore, a timely commenced state court action[6] is sufficient to establish a debt, and if such debt exists, the Court must determine whether a plaintiff timely commenced a nondischargeability action pursuant to Fed. R. Bankr. P. 4007(c). *See, e.g., In re Bak*, 2013 WL 653073, at *7; *see also In re McKendry*, 40 F.3d at 337.

In the Motion to Dismiss, the Defendant asserts the following four (4) arguments: (i) The Complaint is barred by res judicata or collateral estoppel because the Plaintiffs either withdrew or did not pursue claims underlying the Complaint against the Defendant in state court; (ii) the claims underlying the Complaint are time barred under Conn. Gen. Stat. §§ 52-577 and 52-584; (iii) Plaintiff Fraser Lane lacks standing to assert a claim of nondischargeability against the Defendant because Plaintiff Fraser Lane is not a creditor of the Defendant; and (iv) the Complaint failed to state a claim upon which relief could be granted.

As to the first argument, the doctrine of res judicata does not apply in the adversary proceeding because the dischargeability of the debts at issue was not decided by state court. *See Brown v. Felsen*, 442 U.S. 127, 129–30 (1979). Furthermore, collateral estoppel does not apply to the Complaint because "withdrawal [of a claim] does not conclude the prior litigation on the merits in a way that is sufficient to support a claim of . . . collateral estoppel" *Lanphier Day Spa,*

---

law applicable to the case at hand. In other words, if non-bankruptcy law requires that a lawsuit to establish liability on any viable ground be brought prior to applicable statutes of limitations, and the creditor has not done so, then the debt cannot be established for non-dischargeability purposes."); *see also In re McKendry*, 40 F.3d 331, 337 (10th Cir. 1994).

[6] *See In re Bak*, 2013 WL 653073, at *7 n. 5 (discussing case law holding that "[a]s long as the debt was 'established' prior to the running of statutes of limitation[s], it is irrelevant whether the plaintiff's allegations in a prior state court suit corresponded to the grounds for nondischargeability under [§ 523].").

*Inc. v. Urstadt Biddle Properties, Inc.*, 2017 WL 2817616, at *6 (Conn. Super. Ct. June 2, 2017); *see also Schupak v. Califano*, 454 F. Supp. 105, 113–14 (E.D.N.Y. 1978) ("Neither [r]es judicata nor collateral estoppel is traditionally applicable to [voluntary dismissal without prejudice].") (citing *Hill v. W. Bruns & Co.*, 498 F.2d 565, 567 n.2 (2d Cir. 1974); *In re Piper Aircraft Dist. Sys. Antitrust Lit.*, 551 F.2d 213, 219 (8th Cir. 1977)).

      Turning to the Defendant's second and third arguments in the Motion to Dismiss, the Defendant executed the Guaranty Agreement in favor of Plaintiff Fraser Lane and the Gurevich Note in favor of Plaintiff Gurevich (the Guaranty Agreement collectively with the Gurevich Note, the "Agreements"). Subsequently, the Defendant failed to make payments under the Agreements, establishing that a debt is owed by the Defendant to the Plaintiffs. However, insufficient facts have been alleged to determine whether a default occurred prior to the running of applicable statute of limitations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitation[] grounds is appropriate only if it is 'apparent [on] the face of the complaint' that the claim is time-barred.") (quoting *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)). Furthermore, the Complaint filed in this Adversary Proceeding relates back to the common core of operative facts raised on the claims in the State Court Actions. Both of the State Court Actions have not been dismissed as being barred by Conn. Gen. Stat. §§ 52-577 or 52-584. In viewing the Complaint in the light most favorable to the Plaintiffs, the Court finds that a Rule 12(b)(6) dismissal on statute of limitation grounds is not appropriate.[7] *See La Grasta*, 358 F.3d at 845.

      Lastly, the Motion to Dismiss seeks to dismiss the Complaint in its entirety. As to the Count One § 727(A)(4) claim for relief, the Complaint alleges that the Defendant did not

---

[7] For those reasons, there is no need to address the issue of whether the Reaffirmation executed by Mr. Avidon restarted the applicable statutes of limitations.

5

disclose his ownership interest in various corporate entities, including E2A and 800 Seaview, in his Statement of Financial Affairs filed with the Court on November 14, 2017 (ECF No. 9, Case No. 17-51325). This allegation sufficiently alleges a § 727(A)(4) claim, and therefore the Motion to Dismiss Count One of the Complaint is denied.

As to Count Two of the Complaint under § 523(a)(2)(A), the Complaint alleges that the Defendant made false and misleading statements in order to obtain loans from the Plaintiffs, and that the Defendant failed to make payments pursuant to the terms of the Agreements. The Plaintiffs' factual allegations surrounding the Defendant's conduct with respect to "false pretenses, a false representation, or actual fraud," § 523(a)(2)(A), are mere "labels and conclusions" and therefore insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

### IV. Conclusion

For the reasons set forth above, it is hereby

**ORDERED**: The Motion to Dismiss is **GRANTED** in part and **DENIED** in part, and Count Two of the Complaint is dismissed; and it is further

**ORDERED**: The Plaintiffs are granted leave to file an Amended Complaint at or before 4:00 p.m. on October 1, 2018.

Dated at Bridgeport, Connecticut this 30th day of August, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut